UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAI P. THOMPSON, SR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. L-09-2549 |
| COUNTRYWIDE HOME LOANS SERVICING, L.P. | * | |
| Defendant | * | |

*******

MEMORANDUM

This case arises out of a bank loan. Pro se plaintiff Tai P. Thompson Sr. is the borrower on a residential mortgage loan serviced by Defendant Countrywide Home Loans Servicing, L.P., now doing business as BAC Home Loan Servicing, LP ("Countrywide"). Thompson has sued Countrywide, claiming that it made false representations to him after he requested a loan modification.

Now pending are Countrywide's motion to dismiss (Docket No. 6) and Thompson's motion to remand (Docket No. 10). No hearing is necessary as the motions have been fully briefed. Local Rule 105.6 (D. Md. 2008). For the reasons stated herein, the Court will, by separate Order of even date, DENY Thompson's motion to remand and GRANT Countrywide's motion to dismiss. The Clerk is DIRECTED to CLOSE the case.

**I.    Background**

The essential facts alleged in Thompson's complaint are as follows. Thompson resides at 3301 Hillsdale Road, Baltimore, Maryland. Countrywide serviced Thompson's mortgage loan for the property at the time of the events giving rise to this suit.

In 2008, Thompson encountered financial difficulties and sought to modify his loan. He alleges that Countrywide informed him that he could not modify the loan unless it was in default. Accordingly, Thompson did not make his mortgage payment for April 2009.

In August 2009, Countrywide sent Thompson a proposed forbearance agreement (the "proposal"), which Thompson attached to his complaint. See Compl. Ex. 1. The proposal required Thompson to certify that "I am either in default or believe I will be in default . . . in the near future." Id. 2. Thompson alleges that this statement demonstrates that he was "receiving unfair and discriminatory treatment" because the statement implies that he could have received a modification before he was in default. Compl. ¶ 15. Thompson further alleges that several other terms of the proposal are "totally contradictory" to previous discussions he had with Countrywide employees. Id. ¶ 18. Finally, Thompson alleges that the proposal is deceptive and misleading because it included an offer to lower mortgage payments "by up to 50%," which Thompson alleges is impossible under the proposal's terms.[1] Id. ¶ 22.

Ultimately, Thompson rejected the proposal and filed the instant suit in the Circuit Court for Baltimore City. Thompson's Complaint contains four counts, which are as follows: Breach of Contract/Fiduciary Duty (Count One); Deceptive Trade Practices (Count Two); Fraud (Count Three), and Discrimination (Count Four).[2]

On September 29, 2009, Countrywide removed the case to this Court under federal diversity of citizenship jurisdiction. See Docket No. 1; 28 U.S.C. § 1332. On October 1, 2009, Countrywide filed a motion to dismiss. Thompson opposed Countrywide's motion and filed a

---

[1] More specifically, Thomspon alleges that the mortgage payment could not be lowered by 50% because the first two months' payments must have been paid to a separate account before the oldest delinquent mortgage payment could be repaid.

[2] Count Five of Thompson's Complaint seeks damages for Breach of Contract/Breach of Fiduciary Duty. The Court will construe the allegations in this count as part of Count One.

2

motion to remand, contending that no diversity exists in this case. The motions became ripe on November 3 and November 17, respectively.

## II. Discussion

### A. Thompson's Motion to Remand

The Court will first address the jurisdictional issue. Countrywide originally argued in its notice of removal that jurisdiction in this court was proper based on diversity of citizenship. Docket No. 1, ¶ 3. Thompson then argued in his motion to remand that no diversity exists because he contends that Countrywide is a citizen of Maryland.

A defendant seeking removal bears the burden of demonstrating that jurisdiction is proper. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296-97 (4th Cir. 2008). Countrywide is a limited partnership. See Docket No. 13, Ex. 1, Lindgren Aff. ¶ 5. For purposes of diversity, the citizenship of a limited partnership is determined by the citizenship of all of its partners. See Carden v. Arkoma Associates, 494 U.S. 185, 192-93 (1990).

Both of Countrywide's partners are Nevada limited liability companies.[3] See Lindgren Aff. ¶¶ 6-7. For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of its members. See General Tech. Applications, Inc. v. Exro LTDA, 388 F.3d 114, 121 (4th Cir. 2004) ("[An LLC] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.").

The lone member of both of Countrywide's partners is Bank of America, NA, a citizen of North Carolina. See Docket No. 13, Ex. 2, Art. of Assoc. ¶ 2; Wachovia v. Schmidt, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is

---

[3] Without providing any evidence, Thompson alleges that Countrywide is registered as a limited partnership in Maryland. Thompson's naked allegation is insufficient to rebut Countrywide's affidavit, which establishes that its only partners are citizens of Nevada.

located).  Therefore, Countrywide is a citizen of North Carolina for purposes of diversity jurisdiction.  Because Thompson is a citizen of Maryland, diversity jurisdiction is proper.  See 28 U.S.C. § 1332.  Thompson's motion to remand will be denied.

### B.     Countrywide's Motion to Dismiss

#### 1.     Standard

Countrywide argues that Thompson's complaint must be dismissed because it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In deciding the motion, the Court will consider the facts stated in the complaint and any attached documents.  Biospherics, Inc., v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997), aff'd, 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff.  Id.  The Court must liberally construe pro se pleadings such as Thompson's.  See, e.g., Boag v. MacDougall, 454 U.S. 364 (1982).

#### 2.     Analysis

##### a.     Count One: Breach of Contract/Fiduciary Duty

Count One is pled as a claim for breach of contract or, in the alternative, for breach of fiduciary duty.  As a threshold matter, Thompson's claim for breach of fiduciary duty fails because Maryland courts do not recognize a separate tort of breach of fiduciary duty.  See Kann

4

v. Kann, 344 Md. 689, 713 (1997).

Thompson alleges that Countrywide breached the "servicing contract" by "being unresponsive" to his attempts to negotiate a modification to his loan. Compl. ¶ 30. It is well-established, however, that a party to an existing agreement has no duty to modify the terms of that contract. Erdman v. Preferred Research, 852 F.2d 788, 790 (4th Cir. 1988). Therefore, Thompson cannot rely on Countrywide's failure to modify his loan as the basis for his breach of contract claim.

Thompson also alleges that Countrywide breached the servicing contract by misleading him about loan modification programs. Although a false statement might form the basis of a fraud claim, see infra, the misconduct alleged in Count One cannot sustain a claim for breach of contract unless the conduct was in violation of a specific contractual term. Thompson, however, has not alleged the terms of the contract at issue with any specificity. Accordingly, Count One will be dismissed.

### b. Count Two: Maryland Consumer Protection Act

In Count Two, Thompson alleges that Countrywide violated the Maryland Consumer Protection Act (the "CPA"), Md. Code. Ann., Com. Law §§ 13-101 et seq. (LexisNexis 2009), by using deceptive trade practices, and making false and misleading statements. To assert a claim for false or misleading statements under the CPA, Thompson must allege not only that Countrywide made a misleading statement, but also that the statement caused Thompson an actual loss or injury. See Citaramanis v. Hallowell, 328 Md. 142, 155 (1992) (holding that the CPA "explicitly require[s] actual damages to be proven").

In the instant case, Thompson has not alleged that Countrywide's actions caused him an actual loss or injury, nor has he alleged any facts that suggest that he sustained any damages.

5

Rather, according to the facts pled in Thompson's complaint, it appears that the status quo ante is in effect. Accordingly, Count Two will be dismissed.

### c. Count Three: Fraud

In Count Three, Thompson alleges that Countrywide is liable for fraud because (i) it told Thompson that loan modification programs were not available to him; (ii) it sent a proposed forbearance agreement after allegedly stating that it would send a proposed loan modification agreement, and (iii) the proposed forbearance agreement stated that Countrywide would lower monthly mortgage payments for six months, although the terms of the agreement require the mortgagor to continue to make partial payments.

To state a fraud claim under Maryland law, a plaintiff must allege five elements with particularity: (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result. See Martens Chevrolet, Inc. v. Seney, 292 Md. 328, 333 (1982) (quoting Gittings v. Von Dorn, 136 Md. 10, 15-16, 109 A. 553, 554 (1920)). Further, the plaintiff must allege "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Keeney v. Larkin, 306 F. Supp. 2d 522, 527 (D. Md. 2003) (quoting Harrison v. Westinghouse, 176 F.3d 776, 784 (4th Cir. 1999)); see Fed. R. Civ. P. 9(b).

Thompson's claim fails on several of these elements. First, even assuming that Countrywide made the statements at issue, Thompson has not alleged a sufficient factual basis to establish that the statements are false or that Countrywide made the statements for the purpose of

6

defrauding Thompson.  Second, Thompson's complaint does not specify whether he relied on the false statements or how the statements caused him damages.  Thompson's conclusory allegation that "[a]s a result of Defendant's fraud, Plaintiff suffered damages" is factually and legally insufficient.  Finally, Thompson has not alleged who made the false statements, when they were made, or what Countrywide obtained by misleading him.  In fact, he rejected the proposed forbearance agreement.  Thompson has not alleged a valid fraud claim.  Cf. Harrison, 176 F.3d at 784 (noting that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstance for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts").  Accordingly, Count Three will be dismissed.

### d. Count Four: Discrimination

In Count IV, Thompson attempts to assert a claim for discrimination.  Thompson, who is African American, alleges that Countrywide "intentionally conducted racial discrimination predatory practices . . . by stating . . . that loan modification programs were not available before a default occurred."  Thompson, however, does not provide a legal basis for this claim.  Nevertheless, the Court will construe this claim as having been brought under the Fair Housing Act (the "FHA"), 42 U.S.C. §§ 3601 et seq.

The FHA prohibits discrimination in mortgage lending.  Under the statute, a lender may not refuse to make a mortgage loan, refuse to provide information regarding loans, or impose different terms or conditions on a loan based on a customer's membership in a protected class.  See 42 U.S.C. § 3605 ("Discrimination in Residential Real Estate-Related Transactions").  FHA disparate treatment claims are analyzed under the McDonnell Douglas burden-shifting framework.  See Boykin v. Keycorp, 521 F.3d 202, 212 (2d Cir. 2008) (citing Mitchell v. Shane,

350 F.3d 39, 47 (2d Cir. 2003)). To state a legally cognizable claim of discrimination in lending practices, a plaintiff must allege (1) that plaintiff is a member of a protected class who sought a loan for property; (2) that plaintiff qualified for a loan; (3) that a bank denied plaintiff's application; and (4) that other similarly situated applicants who were not in the protected classes received loans or were treated more favorably. See id. at 214-15.

Thompson's claim is inadequate as a matter of law because he does not allege that other similarly situated Countrywide customers received more favorable treatment. Further, Thompson admits that Countrywide offered him a proposed forbearance agreement. Therefore, he cannot show that his request denied. Accordingly, Count Four will be dismissed.

**III. Conclusion**

In sum, Thompson has filed a conclusory complaint that fails to state any grounds upon which the relief he requests may be granted. For the foregoing reasons, the Court will, by separate Order of even date, DENY Thompson's motion to remand and GRANT Countrywide's motion to dismiss. The Clerk is DIRECTED to CLOSE the case.


Dated this 27th of April, 2010.                          /s/
                                                    Benson Everett Legg
                                                    United States District Judge